FILED
Clerk
District Court
SEP 18 2015
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNIVERSAL GROUP DEVELOPMENT INC., (SAIPAN),<br><br>Plaintiff,<br><br>v.<br><br>WANZHONG YU and FIRST HAWAIIAN BANK,<br><br>Defendants.<br>――――――――――――<br>FIRST HAWAIIAN BANK,<br><br>Cross-Claimant,<br><br>v.<br><br>WANZHONG YU, MINGNAN JIN and JINWEI GUO,<br><br>Cross-Defendants.<br>――――――――――――<br>WANZHONG YU,<br><br>Cross-Claimant,<br><br>v.<br><br>MINGNAN JIN and JINWEI GUO,<br><br>Cross-Defendants. | Case No. 1:15-CV-0002<br><br><br>**OMNIBUS DECISION AND ORDER** |

## I. INTRODUCTION

Cross-defendants Mingnan Jin and Jinwei Guo, who are citizens of China, were sued by defendant/cross-claimant First Hawaiian Bank ("FHB") (ECF No. 3) and by cross-claimant/cross-

1

defendant Wangzhong Yu (ECF No. 9), but have not yet been served. Yu, joined by FHB, now asks the Court to authorize service on the cross-defendants through Universal Group Development Inc., (Saipan) ("Universal"), the corporation that initiated these legal proceedings and on which Jin and Guo sit as the only directors and officers. (Yu Mot., ECF No. 25; FHB Joinder, ECF No. 28.) In particular, Yu asks the Court to authorize service, pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, through Universal's registered agent or on its attorney in this matter. (Yu Mot. 1.) Universal opposes Yu's motion, and filed a cross-motion[1] to dismiss Yu's and FHB's cross-complaints, arguing in essence that Yu and FHB have been dilatory in serving process. (ECF No. 31.) Universal also filed three successive motions (ECF Nos. 17, 18, & 20) seeking the Court's leave to file an amended complaint against Yu, which it failed to file by the Court ordered deadline of May 21, 2015 (ECF No. 16). The Court will address the pending motions below.

## II. BACKGROUND

At stake in this case is control of Universal, and with it the approximately $225,000 held in the corporation's savings account at FHB.[2] In December 2014, Universal—through a verified complaint sworn by Jin—sued Yu and FHB in the Commonwealth Superior Court after it discovered that FHB had frozen its savings account based on accusations from Yu that he was the true owner and authorized agent for the corporation, rather than Guo and Jin. (Universal Compl., ECF No. 1-2.) The next month, FHB removed the case to federal court on diversity grounds and sued Yu, Guo, and Jin in interpleader for a court decision as to the rightful agent of Universal. (Removal, ECF No. 1; Answer & Crossclaim, ECF No. 3.) Yu subsequently filed his own

---

[1] Cross-motions are not recognized by the Local Rules of this Court. *See* LR 7.1. Each motion is treated individually, and should not be tacked on to the cross-movant's opposition to be heard with the original motion.
[2] Those funds have now been deposited with the Court pursuant to FHB's cross-claim in interpleader. (Order to Deposit Funds, ECF No. 15.)

crossclaims against Jin and Guo, alleging that the duo unlawfully expelled him from Universal. (ECF No. 9.)

Neither Yu nor FHB has been able to serve Jin or Guo. In a 2014 annual report filed with the Commonwealth Registrar of Corporations, Universal lists Jin as its vice-president/secretary and Guo as its 100% owner and president/treasurer. (ECF No. 25-1.) The report also lists Yoo Jina as Universal's registered agent and provides Jina's post-office box and phone number.[3] A Saipan P.O. Box is provided for Jin, and Guo's address is in China. It appears that Jin lives on Saipan, but that Guo lives in China.[4]

### III. DISCUSSION

*a. Service of Process on Jin and Guo*

Rule 4(f) of the Federal Rules of Civil Procedure governs service of process on individuals "not within any judicial district of the United States." Yu and FHB seek the Court's permission to serve process on Jin and Guo by mail through Universal's registered agent, Jina, or through Universal's attorney in this matter. (Yu Mot. 1.) Yu argues that Rule 4(f)(3) authorizes such service on individuals that are located outside the United States. (Yu Mot. 3.) Universal, on the other hand, contends that, pursuant to Rule 4(f)(1), service on individuals living outside the United States must be made through the procedures established in the Hague Convention, and any deviation will render service ineffective. (Opp'n 1-3.) The Court will deny the motion with respect to Jin, but grant it in part as for Guo.

---

[3] According to instructions on the report, an agent must attach a map showing his location if only a P.O. Box is provided, but no map was attached to the document filed with the Court, and Yu alleges that none has been filed with the Registrar. (Mot. 2, n. 1.)

[4] In his motion, Yu stated that both Jin and Guo were located in China. (Mot. 3.) However, that statement was partially false; counsel for Yu admitted during the September 3, 2015 motion hearing that Jin has been on Saipan since early July—weeks before Yu's instant motion was filed. Indeed, counsel for Yu even reported that he had followed Jin to his home on an earlier occasion. Counsel for Universal confirmed that Jin is on Saipan, but noted that he did not know Guo and stated his belief that Guo was in China.

### i. Service on Jin

Yu grounds his argument in Rule 4(f)(3), which states that "unless federal law provides otherwise, an individual . . . may be served at a place *not within* any judicial district of the United States . . . by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3) (emphasis added). However, individuals to be served *within* the United States must be served in accordance with Rule 4(e), which requires personal delivery of the summons and complaint to the individual himself, his authorized agent, or "someone of suitable age and discretion" at the individual's dwelling; or, alternatively, service comporting with state law. Fed. R. Civ. P. 4(e).[5] Here, the parties agree that Jin is currently on Saipan, and not in China or any other jurisdiction outside the United States. Accordingly, Jin must be served in accordance with Rule 4(e), and Yu's motion to serve him pursuant to Rule 4(f)(3) must be denied.[6]

### ii. Service on Guo

Because the parties agree that Guo resides in China, Rule 4(f) provides the proper means of serving him. In the absence of international agreement to the contrary, a court may order service of process by any means pursuant to Rule 4(f)(3) that comports with due process. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"). Because Guo owns 100% of Universal's stock and serves as a director and its president/treasurer, serving notice on Universal makes it nearly certain that Guo will receive notice of the suit against him. *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 267 (S.D.N.Y. 2012). Of course, in such a situation, notice to

---

[5] Commonwealth rules governing service are somewhat more forgiving. *See* 7 CMC § 1104; Com. R. Civ. P. 4(e)(2).
[6] Of course, Yu and FHB remain free to seek a waiver of service. Fed. R. Civ. P. 4(d).

Guo is only as good as notice to Universal. For that reason, the Court will not sanction serving Universal's agent, Jina, by regular mail at the post-office box listed in Universal's annual report—service must be made on Jina personally. Additionally, because Yu has failed to show that Universal's attorney has any communication with Guo, the Court will also deny Yu's motion to serve process on Universal's attorney. *See GLG Life Tech Corp.*, 287 F.R.D. at 267.

Universal argues that service by Rule 4(f)(3) is improper because Guo must be served pursuant to the Hague Convention only. (Opp'n 3.) FHB argues that the Hague Convention does not apply because Guo did not provide a sufficient street address to locate him, and the Hague Convention requires a foreign address. (FHB Reply 3.) Yu argues that Rule 4(f)(3) provides an alternative to Rule 4(f)(1) and the Hague Convention. The Court disagrees with Universal, and agrees that Rule 4(f)(3) applies, but for different reasons than those offered by FHB and Yu. Article 1 of the Hague Convention states that it "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." 20 U.S.T. 361. As the Supreme Court held in *Volkswagenwerk Aktiengesellschaft v. Schlunk*, serving a foreign person through his U.S. agent does not create an "occasion to transmit a judicial" document. 486 U.S. 694, 707-08 (1988). In this case, the Court has determined that service on Guo may be accomplished through service on Universal's registered agent, and service on Universal will result in notice to Guo. *In re GLG Life Tech Corp. Securities Litigation*, 287 F.R.D. 262, 272-268 (S.D.N.Y. 2012). Therefore, the Hague Convention does not apply.

FHB argues that Article 1 provides that the Convention shall not apply where the address of the person to be served is not known, but fails to establish that the address Guo provided in Universal's annual report is in fact insufficient. FHB does not support its factual conclusion with any affidavit from a person with personal knowledge about the accuracy of the listed address. The

5

Court therefore rejects this alternative argument to the inapplicability of the Hague Convention.

b. *Universal's Cross-Motion to Dismiss*

In its opposition to Yu's motion for an order authorizing service, Universal moves to dismiss Yu's and FHB's complaints against Jin and Guo for failure to timely perfect service. (Opp'n 3-4.) The motion lacks merit and will be denied.

Rule 4(m) provides that a defendant must be served within 120 days of a complaint being filed, but includes a critical caveat: the timeframe "does not apply to service in a foreign country under Rule 4(f)." Fed. R. Civ. P. 4(m). Instead, some courts apply a flexible due diligence standard. *See Ingris v. Drexler*, Civil Action No. 14-2404, 2014 U.S. Dist. LEXIS 174568, at *6 n.2, (D.N.J. Dec. 17, 2014). Here, the Court finds that the parties have exercised due diligence.[7] First, at the hearing, Yu's counsel represented the safety concerns Yu has based on his allegations about the Chinese government's actions in his complaint. He then described the efforts taken in having the filed cross-claim translated into Chinese and having all the documents sent to China. After another examination of the translation of the complaint was made by counsel in China, Yu was advised not to serve the current version for safety reasons. Rather than filing an amended cross-claim, Yu waited for Universal's court ordered amended complaint against him that was due in May. It never came. They then abandoned these efforts and decided to pursue this avenue of effecting service of the current version on Guo. Based on the actions taken thus far, the Court finds that Yu has exercised due diligence. Accordingly, the motion is denied.

In its reply, FHB seeks attorneys' fees for having to respond to Universal's cross-motion to dismiss the complaint. (Reply 2.) The Court will deny FHB's request. In FHB's cross-complaint

---

[7] After the hearing, Yu submitted a declaration from his process server documenting the numerous attempts he has made to serve Jin. (Decl. Rainaldo S. Agulto, ECF No. 35.)

6

against Jin, it states that Jin is a foreign citizen of China but is a foreign resident alien of the CNMI. (FHB's Answer and Cross-claims ¶ 6, ECF No. 3.) Although it acknowledged that Jin is a foreign resident alien of the CNMI, it failed to show what actions it has taken to serve Jin. The same is true for serving Guo; there is no showing of FHB taking any action.

*c. Motions for Extensions of Time*

Finally, Universal filed three successive motions for extensions of time to file its amended complaint against Yu. As the Court noted during the September 3 hearing, Universal not only failed to file an amended complaint by the date originally ordered by the Court, but it has missed every extended deadline it had asked the Court to grant. The motions are denied; Universal may seek the Court's permission to file an amended complaint against Yu if it discovers facts to support any claim against him.

## IV. CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Yu's motion for an order authorizing service of process (ECF No. 25) is granted in part and denied in part;
   a. Cross-defendant Mingnan Jin shall be served in accordance with Rule 4(e);
   b. Cross-defendant Jinwei Guo shall be served with the summons, complaint, and this Omnibus Decision and Order pursuant to Rule 4(f)(3) by personal process on Universal through service on Universal's registered agent, Yoo Jina;
2. Universal's motion to dismiss the cross-claims (ECF No. 31) is denied; and

/ /

/

7

3. Universal's motions for extensions of time (ECF Nos. 17, 18, & 20) are denied.

SO ORDERED this 18th day of September, 2015.

_____
RAMONA V. MANGLONA
Chief Judge